## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

MAKENDY ALFRED,

     Plaintiff,

v.                                  Case No.  4:24-cv-252-MW/MJF

W. SUMMERS, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's amended complaint, the undersigned recommends that this action be dismissed as malicious, under 28 U.S.C. § 1915A(b)(1), for Plaintiff's failure to disclose honestly and accurately his litigation history.

### I. BACKGROUND

Plaintiff is a prisoner—as defined by the Prison Litigation Reform Act of 1995 ("PLRA") Pub. L. No. 104-134, 110 Stat. 1321 (1996)—currently in the custody of the Florida Department of Corrections. His inmate number is "L66250." Doc. 1 at 1–2, 5; Doc. 13 at 1–2, 5.

The complaint form utilized by Plaintiff sought information relating to his litigation history. In his original complaint, Plaintiff

provided inconsistent responses regarding his litigation history. Doc. 1 at 15–17. Plaintiff stated that this was his "First Civil Case." *Id.* at 15. He also responded "No" to each of the questions on the complaint form regarding his litigation history, including the question "Have you ever filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?" *Id.* at 16–17 (emphasis added).

Despite his negative answers, Plaintiff also indicated that he filed a "Criminal Appeal Habeas Corpus." *Id.* at 17. Because it was unclear to the undersigned whether Plaintiff filed a criminal appeal or a habeas corpus petition, or Plaintiff filed a case in a state or federal court, the undersigned afforded Plaintiff an opportunity to clarify his litigation history. Doc. 7 at 5. Specifically, the undersigned instructed "**If Plaintiff desires to file an amended complaint, Plaintiff must completely and honestly answer all questions regarding his prior litigation history.**" *Id.* at 5.

The undersigned also provided Plaintiff the following guidance regarding the requirements relating to disclosure of Plaintiff's prior cases:

> Habeas corpus petitions are civil actions. *Brown v. United States*, 748 F.3d 1045, 1060 (11th Cir. 2014). Therefore, if Plaintiff filed a habeas corpus petition, he must disclose that on the form and provide sufficient information for this court to identify the case. . . .
>
> Plaintiff is advised that **he cannot simply assert that he is unsure about his prior litigation**. If Plaintiff does not have sufficient records or cannot remember the cases he has filed, he must contact the relevant court(s) to determine those cases so that he can make a full, complete, and honest accounting of them, including whether any case was dismissed as frivolous, malicious, for failure to state a claim, or prior to service. Plaintiff should retain a copy of the inquiry letter (and any response he receives) as evidence that he has made a reasonable, good-faith effort to discover and disclose his litigation history.

*Id.* The undersigned warned Plaintiff that failing to disclose his litigation history completely and honestly likely would "**result in dismissal of this action for abuse of the judicial process.**" *Id.*

On September 30, 2024, Plaintiff filed his amended complaint. Doc. 13. As discussed more fully below, Plaintiff failed to disclose his litigation history honestly and completely.

## II. DISCUSSION

### A.  Screening Under the PLRA

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*,

888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023). Pursuant to a district court's screening obligation under the PLRA, federal courts are required to dismiss a prison's civil action when it is frivolous, is malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

**B.    Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 13 at 16. The complaint form expressly warns "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.*; *cf.* Doc. 7 at 5.

The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you file any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 16–20. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose <u>all</u> responsive cases. *Id.*

In response to these Questions, Plaintiff responded, "No." *Id.* Plaintiff reiterated that "This is the Petitioner's First Civil Case." Doc. 13 at 16. Plaintiff, however, disclosed that he had filed three motions in his state criminal case relating to his conviction and three state appeals. *See* Doc. 13 at 17–18 (disclosing cases No. 05-020906-CF-A; No. 4D07-3820; No. 4D10-3176; No. 4D16-0089).

At the end of the complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with form, including my litigation history, is true and correct." *Id.* at 20. That is, Plaintiff asserts

under the penalty of perjury that he **never filed** a case or appeal in federal court.

## C.   <u>Plaintiff's Omissions</u>

The undersigned takes judicial notice that prior to commencing this civil action Plaintiff had filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida and an appeal with the United States Court of Appeals for the Eleventh Circuit:

- *Alfred v. Sec'y FDOC*, No. 0:12-cv-61167-JIC (S.D. Fla.) (dismissed July 29, 2013).

- *Alfred v. Sec'y, Fla. Dep't of Corr.*, No. 13-13989-D (11th Cir.) (COA denied Nov. 25, 2013).

This habeas corpus petition and appeal are attributable to Plaintiff because they bear his FDC inmate number L66250.

Because Plaintiff failed to disclose these cases in his amended complaint, Plaintiff violated his duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

**D.**    **The Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014).

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed a substantial number of cases. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that he was required to disclose all prior cases, including petitions for writs of habeas corpus, and appeals. Doc. 13 at 16. He also was aware that the penalty for failing to disclose his prior litigation history was dismissal. *Id.* ("**[F]ailure to disclose all prior state and federal cases— including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.**").

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. Furthermore, the undersigned explained to Plaintiff that "habeas corpus petitions are civil actions . . . Therefore, if Plaintiff filed a habeas corpus petition, **he must disclose that on the form**." Doc. 7 at 5 (emphasis added).

To the extent he could not remember fully his litigation history, the undersigned provided Plaintiff instructions on how to obtain information relating to his prior cases. Doc. 7 at 5. The undersigned explained:

> If Plaintiff does not have sufficient records or cannot remember the cases he has filed, he must contact the relevant court(s) to determine those cases so that he can make a full, complete, and honest accounting of them, including whether

> any case was dismissed as frivolous, malicious, for failure to state a claim, or prior to service. Plaintiff should retain a copy of the inquiry letter (and any response he receives) as evidence that he has made a reasonable, good-faith effort to discover and disclose his litigation history.

*Id.* Plaintiff did not attach to his amended complaint a copy of any inquiry letter. He also did not state that he could not remember his litigation history. Rather, he affirmatively misrepresented that this was his "First Civil Case" and that he had ***never*** filed any federal action prior to commencing this civil suit.

### E.    The Appropriate Sanction is Dismissal Without Prejudice

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir.

2013). Federal courts cannot let false responses to go unpunished. Dismissal without prejudice is an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the District Court with true statements or responses. Because Plaintiff is alleging that FDC officials engaged in misconduct between April 22, 2023, and May 4, 2023, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action in the near future. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

## F.    <u>No Lesser Sanction Would Suffice</u>

No lesser sanction would suffice to deter plaintiff's conduct. The undersigned provided Plaintiff guidance on disclosing his litigation history and warned Plaintiff that the failure to disclose honestly and completely his litigation history likely would result in dismissal. Doc. 7 at 5. Nonetheless, Plaintiff did not disclose honestly and completely his litigation history. Providing Plaintiff yet another opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that

district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially).

Furthermore, insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam).

## III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2.    **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 21st day of October, 2024.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

Page 12 of 13

## <u>NOTICE TO THE PARTIES</u>

The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.